# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Dependency of<br><br>G.J.M,<br><br>        A Minor Child.<br><br>STATE OF WASHINGTON,<br>DEPARTMENT OF SOCIAL AND<br>HEALTH SERVICES,<br><br>        Respondent,<br><br>v.<br><br>SARA MACRI,<br><br>        Appellant. | No. 78572-9-I<br><br>(Consolidated with No. 78573-7-I)<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: February 3, 2020 |

LEACH, J. — Sara Macri appeals the trial court's order terminating her parental rights to G.M. and dismissing her guardianship petition for G.M. She claims that the trial court should not have denied discovery of or excluded evidence of G.M.'s caregivers' immigration status. She claims that excluding this evidence denied her due process right to present relevant evidence. If the trial court erred, any error was harmless. So we affirm.

## FACTS

G.M. was born on January 31, 2013. The biological mother, Sara Macri, tested positive for methamphetamines when this child was born. The State removed G.M. from her care and placed G.M. with foster care parents, Debra and Michael Jansen,

when G.M. was 10 days old. After one of the Jansens' foster children raised concerns about her care, the State conducted a licensing investigation into the home. During the investigation, separate concerns developed about G.M.'s sleeping arrangements, and this child was removed from the home at 22 months old. The dependency court placed G.M. with paternal relatives, where G.M. currently lives.

On August 11, 2017, the Department of Social and Health Services filed a petition to terminate Sara Macri's parental rights. Sara Macri then filed a petition to appoint the Jansens as G.M.'s guardians. Sara Macri admitted most of the allegations in the State's termination petition but denied that the continuation of her relationship with G.M. diminished this child's prospects for early integration into a stable and permanent home. She also denied that the termination was in G.M.'s best interests.

Sara Macri asked the court to consolidate the guardianship and termination of parental rights proceedings. The proposed guardians, Debra and Michael Jansen, filed a motion to intervene in the guardianship case. The court consolidated the proceedings and allowed the Jansens to intervene.

During pretrial discovery, Sara Macri requested information about G.M.'s caregivers' immigration status. She requested:

> 1) Any and all documents that prove your current immigration status in the United States of America.
>
> 2) Any and all documents regarding your attempt(s) to acquire legal immigration status in the United States of America.
>
> 3) Any and all documents from any United States governmental office regarding your immigration status.

Sara Macri also filed a witness list that identified Dr. Luis Zayas as an expert witness. Zayas's summary indicated that he would testify about the "trauma experienced by citizen children of unauthorized immigrants" and the "best interests issue and adoption or guardianship by unauthorized immigrants of a citizen child." Sara Macri filed a motion to compel depositions of the relative caregivers and discovery of documents bearing on their immigration status.

The court denied Sara Macri's motion to compel and issued a protective order for the relative caregivers. In the order, the trial court found:

> 1. Immigration status is not relevant to termination or guardianship proceedings, and the current placement has no bearing.
>
> 2. The trial court will determine the guardians and guardianship versus termination, and for that determination and for that inquiry, which is not before this court, the case law provides that immigration status is not a reliable indication of risk of deportation.
>
> 3. In addition, there is significant public policy that supports non-disclosure of the status. Even where there is no ill motive in raising the issue of immigration status, the effect of the inquiry is invasive, harmful, and it has a widespread chilling effect to the detriment of children in need. The inquiry is unnecessary and it is irrelevant.

Sara Macri renewed her request to present evidence about the caregivers' immigration status before the trial. The judge again denied the request.

After a trial, the trial court denied the guardianship petition and granted the termination petition. In addition to its written findings, the court stated in its oral ruling that G.M. has lived in a loving, stable, culturally appropriate home with the same paternal relatives for the majority of G.M.'s life, and G.M.'s right to safety, nurture, well-

being, and permanence outweighs Sara Macri's relationship with G.M. Sara Macri appeals.

ANALYSIS

Sara Macri challenges the trial court's decision to exclude evidence of the caregivers' immigration status and expert testimony about the psychological effects living with illegal immigrant parents has on children. She claims this evidence is relevant to the trial court's determination of whether the continued parent-child relationship impedes the child's permanency and the court's determination of which placement decision most serves the child's best interest. If we assume, without deciding, that the trial court erred, any error was harmless beyond a reasonable doubt.

This court reviews questions about the admissibility of evidence for abuse of discretion.[1]

> [A] reviewing court will find error only when the trial court's decision (1) adopts a view that no reasonable person would take and is thus "manifestly unreasonable," (2) rests on facts unsupported in the record and is thus based on "untenable grounds," or (3) was reached by applying the wrong legal standard and is thus made "for untenable reasons."[2]

Nonconstitutional error "is harmless unless there is a reasonable probability, in light of the entire record, that the error materially affected the outcome of the trial."[3] A

---

[1] In re Interest of J.F., 109 Wn. App. 718, 728, 37 P.3d 1227 (2001) (citing In re Dependency of P.D., 58 Wn. App. 18, 27, 792 P.2d 159 (1990)).

[2] State v. Sisouvanh, 175 Wn.2d 607, 623, 290 P.3d 942 (2012) (internal quotation marks omitted) (quoting State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003))

[3] State v. Webb, 64 Wn. App. 480, 488, 824 P.2d 1257 (1992); accord, State v. Cunningham, 93 Wn.2d 823, 831, 613 P.2d 1139 (1980).

"'reasonable probability' is a probability sufficient to undermine the confidence in the outcome."[4]

Sara Macri's briefing offers no reason why this evidence is relevant to the issue of termination. At oral argument, her counsel agreed that the evidence would probably not be relevant on this issue. So we will only analyze whether excluding the evidence was harmless in the guardianship context. To approve a guardianship petition, the court must find by a preponderance of the evidence that establishing a guardianship is in the child's best interests, rather than to terminate the parent-child relationship, and

> (c)(i) The child has been found to be a dependent child under RCW 13.34.030;
> (ii) A dispositional order has been entered pursuant to RCW 13.34.130;
> (iii) At the time of the hearing on the guardianship petition, the child has or will have been removed from the custody of the parent for at least six consecutive months following a finding of dependency under RCW 13.34.030;
> (iv) The services ordered under RCW 13.34.130 and 13.34.136 have been offered or provided and all necessary services, reasonably available, capable of correcting the parental deficiencies within the foreseeable future have been offered or provided;
> (v) There is little likelihood that conditions will be remedied so that the child can be returned to the parent in the near future; and
> (vi) The proposed guardian has signed a statement acknowledging the guardian's rights and responsibilities toward the child and affirming the guardian's understanding and acceptance that the guardianship is a commitment to provide care for the child until the child reaches age eighteen.[5]

In her guardianship petition, Sara Macri alleged that guardianship would be in G.M.'s best interests and admitted statutory elements (c)(i)-(vi).

---

[4] State v. Chavez, 76 Wn. App. 293, 297, 884 P.2d 624 (1994) (quoting United States v. Bagley, 473 U.S. 667, 682, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985)).
[5] RCW 13.36.040.

During trial, the court heard testimony from Holly Battersby, a child and family welfare services social service specialist, and from Dr. Steve Tutty, a child forensic and neuropsychologist. According to the court, Battersby presented unchallenged evidence that G.M. had bonded with the paternal relatives and it would be detrimental to G.M.'s sense of permanence to move G.M. from their home. And, according to the court, Tutty provided unchallenged testimony that moving G.M. from a home where G.M. has bonded presents a risk for this child's future ability to form attachments and trust others and could result in depression, anxiety, trust issues, and resentment.

The trial court noted that the State removed G.M. from the Jansens' home more than three years ago, and G.M. has lived with the caregivers for the majority of G.M.'s life. It found that G.M. "is thriving" and is supported by a loving and culturally appropriate family. The court noted how testimony "established the strength of the bond and the healthy connection that [G.M.] has with the paternal relatives." Finally, the court concluded how it was not persuaded by a preponderance of the evidence that preserving Sara Macri's parental rights by "ordering a guardianship in a home from which [G.M.] was removed more than three years ago outweighs the detrimental effect of removing [G.M.] from the relative placement where [G.M.] is part of the family and to which [G.M.] is bonded." So it denied the guardianship petition.

Even if the trial court should have admitted the expert testimony, excluding it did not materially affect the outcome of the trial, given the evidence presented

to the court. Sara Macri presented no evidence showing the caregivers' home was anything but a stable and loving home for G.M. Immigration status cannot be the only grounds for removing a child.[6] Because Sara Macri did not provide evidence that it was in G.M.'s best interest to change this child's current home to the Jansens', the trial court would have dismissed the guardianship petition even if the court had allowed Sara Macri to discover and present the immigration status evidence. So any error denying discovery and excluding the evidence was harmless.

## CONCLUSION

We affirm. If the trial court had admitted the immigration status evidence, that evidence would not have changed the outcome of the trial. So any error was harmless.

Leach, J.

WE CONCUR:

Mann, ACJ

---

[6] In re Dependency of M.R., 166 Wn. App. 504, 519, 270 P.3d 607 (2012).